IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1621-10






RAYMOND DEAN LACKEY, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SIXTH COURT OF APPEALS


FANNIN COUNTY





 Keller, P.J., filed a concurring opinion.



 The Court says that the record does not show that appellant was notified of Skotnik's
appointment before the suppression hearing. I agree. An order in the clerk's file does not constitute
notice. And given the ease with which judges may exchange benches, defense counsel should not
have a burden to blindly object whenever he does not recognize a judge. If counsel discovers after
the hearing that the person on the bench is unqualified, he should object before trial so that a new
suppression hearing may be conducted. 

 I disagree with the Court's use of policy considerations to determine whether appellant
preserved error. The balancing of policy considerations gives the parties and the courts little
guidance in knowing what is necessary to preserve error, and it is not our usual method of
determining whether error has been preserved. I would simply hold that appellant did not have
enough information to object at the suppression hearing, so he is not accountable for failing to do
so at that time. (1)

 I also disagree with the Court's decision to discuss whether an unqualified judge has
authority to determine his own authority. That question relates to the State's first ground for review,
regarding whether the orders on the motion to suppress were void. Earlier in its opinion, the Court
expressly declines to address the voidness ground in light of its resolution of the State's second
ground for review. I agree that we need not address voidness and I would not comment on any
aspect of the issue.

 I concur in the Court's judgment.

Filed: March 7, 2012

Publish 


1. The result might be different if the record had shown that appellant was given advance
notice of Skotnik's appointment, that he knew of the appointment ahead of time, or that he knew that
Skotnik was not qualified but nevertheless proceeded to participate in the suppression hearing
without objection. Those scenarios might result in forfeiture or estoppel with respect to a complaint
that the judge was unqualified, but it is unnecessary to address that issue today.